◼ In the Matter of IRIS C. In the Matter of MIGUEL C. In the Matter of RAMONA C. MARIA C., Appellant; ANGEL GUARDIAN HOME, Respondent. — Appeals from three orders of the Family Court, Kings County (Quinones, J.), each dated May 19, 1980, which, pursuant to section 384-b (subd 4, par [c]) of the Social Services Law, adjudged that the appellant is presently, and for the foreseeable future, unable, by reason of mental illness, to provide proper and adequate care for her dependent children and committed the guardianship and custody of said children to petitioner, the Angel Guardian Home, an authorized agency, for adoption without the consent of the appellant. Orders affirmed, without costs or disbursements. We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. From the expert medical testimony of Dr. Peter D. Guggenheim, the court-appointed psychiatrist who examined the appellant, it has been disclosed that since 1964 the appellant has been confined to approximately 15 State hospitals for the insane. He testified that the appellant has the "utmost difficulty in navigating for herself". She is unable to communicate coherently and logically, and exhibits mood changes "from silliness to considerable agitation", and a "thinking disorder in which she cannot conceptualize ideas put to her, or express clearly ideas which originate in her own thinking." It was his expert opinion that she was suffering from "chronic undifferentiated schizophrenia", and though future remissions are likely in schizophrenic illness, in appellant's case it is highly unlikely that her remissions will enable her to function independently, and her record shows a persistent course of deterioration. It was his professional opinion that the appellant "will not be able now, or in the foreseeable future to take care of either herself independently, let alone any minor children." Appellant's children are presently 16, 17 and 18 years of age, respectively. They have been in the continuous care of the Angel Guardian Home since July 18, 1966, and have been in foster homes for more than 13 years. The uncontradicted evidence also discloses that their foster parents are willing to adopt them, and, in the opinion of the Angel Guardian Home, such action would be in the best interest of the children. The children have no emotional, educational or physical problems. They have made excellent adjustments to their respective foster homes and indicate a willingness to be adopted by their foster parents. The father of the children was killed in 1967. The record is sufficient to support the finding by

the Family Court, by clear and convincing proof, that the appellant, by reason of mental illness, is presently, and for the foreseeable future, unable to provide proper care for her children, and the orders of the Family Court are therefore affirmed. Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.